IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Joseph Slomnicki, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No. 09-1041 |
| ) | |
| City of Pittsburgh, *et al.*, ) | |
| Defendants. ) | |
| ) | |
| ) | |

AMBROSE, District Judge

**MEMORANDUM ORDER OF COURT**

Pending is *pro se* Plaintiff Joseph Slomnicki's Motion for Court Appointed Counsel filed in the above-captioned case on September 10, 2009. (Docket No. 10). After careful review and consideration of Plaintiff's Motion, however, it is clear that the Motion must be denied.

In his Motion, Plaintiff states, inter alia, that "[d]ue to the medical condition and financial circumstances of the plaintiff, the time sequences, and legal complexities of this case, it would be in the best interest of justice for the Honorable Chief Justice to grant the Plaintiff's Motion for Court Appointed Counsel, 42 USCA 1915." Docket No. 10, at 2. 42 U.S.C. § 1915 applies to proceedings *in forma pauperis*, and subsection (e)(1) of that section provides that "[t]he court may request an attorney to represent any person unable to afford counsel." 42 U.S.C. § 1915(e)(1). It is well-established, however, that there is no constitutional or statutory *right* to counsel in a civil case. Montgomery v. Pinchak, 294 F.3d 492, 498 (3d Cir. 2002); Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997); Tabron v. Grace, 6 F.3d 147, 153-43 (3d Cir. 1993). Rather, district courts have broad discretion to determine whether to appoint counsel under 42 U.S.C. § 1915. Montgomery, 294 F.3d at 498; Tabron, 6 F.3d at 153. In deciding whether counsel should be appointed, the Court should first consider whether a claim or defense has "arguable merit in fact

and law." Id. at 155.  If it does, the Court then considers the litigant's ability to proceed *pro se* in light of a number of additional non-exhaustive factors, including: (1) the plaintiff's ability to present his or her case; (2) the complexity of the particular legal issues; (3) the degree to which factual investigation is required and the ability of the plaintiff to pursue such investigation; (4) the amount a case is likely to turn on credibility determinations; (5) whether the case will require testimony from expert witnesses; and (6) the plaintiff's ability to retain and afford counsel on his or her own behalf. Montgomery, 294 F.3d at 499; Parham, 126 F.3d at 457-58; Tabron, 6 F.3d at 155-57.

After carefully considering the record, I find that the appointment of counsel for Plaintiff is not warranted at this time.  Even assuming for purposes of this motion that Plaintiff has satisfied the threshold requirement of presenting a meritorious claim, the factors cited above counsel against granting the motion.  Significantly, the filings Plaintiff already has submitted without aid of counsel, including his Complaint, Motion for Court Appointed Counsel, Motion to Remand, and Motions for Extension of Time, are well-drafted, literate, and comprehensible.  Although Plaintiff refers summarily in this motion to "legal complexities" surrounding the case, he does not elaborate on such "complexities," nor are any such complexities evident from the Complaint.  In addition, the case is in its early stages, and Plaintiff has not shown that his asserted medical condition (diabetes, high blood pressure, and high cholesterol), his financial circumstances, or any other alleged issues will render him unable to undertake the tasks currently at hand, *i.e.*, to file a brief in support of his pending Motion to Remand or to respond to Defendants' pending Joint Motion to Dismiss.  To the contrary, as set forth above, Plaintiff has demonstrated through his filings to date that he is capable of litigating this case on his own, and there is no evidence that prejudice to Plaintiff will result in the absence of counsel at this stage.

For all of the above reasons, Plaintiff's request for counsel is denied at this time without prejudice.  Should the need for counsel arise later in the proceedings, an attorney can be appointed

at that time.

Accordingly, this 29th day of September, 2009, upon consideration of Plaintiff's Motion for Court Appointed Counsel (Docket No. 10), it is hereby ORDERED that Plaintiff's Motion is DENIED without prejudice.  It is further ORDERED that Plaintiff shall file a brief in support of his Motion to Remand (Docket No. 6) and a response to Defendants' Joint Motion to Dismiss (Docket No. 2) by October 13, 2009.

        BY THE COURT:

        <u>/s/ Donetta W. Ambrose</u>
        Donetta W. Ambrose
        U.S. District Judge