IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH SLOMNICKI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 9-1041 |
| | ) | |
| CITY OF PITTSBURGH, CMDR. TROSKY, CITY | ) | |
| OF PITTSBURGH ZONE 2 POLICE STATION, | ) | |
| MAYOR LUKE RAVENSTAHL, CITY OF | ) | |
| PITTSBURGH POLICE OFFICER SPANGLER | ) | |
| BADGE NO. 3649 | ) | |
| Defendants. | ) | |

AMBROSE, Chief District Judge

**OPINION**
**and**
**ORDER OF COURT**

Plaintiff Joseph Slomnicki ("Slomnicki") contends that Defendant City of

Pittsburgh Police Officer Spangler ("Spangler") violated his rights under the 1st, 4th,

5th, 8th and 14th Amendments of the United States and Pennsylvania Constitution.

These violations are premised upon three interactions between Slomnicki and

Spangler:

> 1. An incident where Officer Spangler ordered Slomnicki to pick up a piece
> of paper he apparently had just littered and, while so ordering, "stared" at
> Slomnnicki (see Complaint, ¶ 3 and Docket No. [1-2]);
>
> 2. An incident where Officer Spangler "singled out" Slomnicki to ask if he
> had witnessed an altercation (see Complaint, ¶ 4 and Docket No. [1-2]); and
>
> 3. An incident where Officer Spangler instructed Slomnicki to move away
> from an area where an altercation had occurred (see Complaint, ¶ 5 and
> Docket No. [1-2]).

According to Slomnicki, these interactions constitute a "pattern of making a deliberate, willful, and conscientious attempt to provoke, intimidate, harass, and embarrass the plaintiff to the point where he will be in a position to incarcerate and / or physically abuse him." See Complaint, ¶ 6.  In addition to holding Officer Spangler liable, Slomnicki seeks to impose liability upon the City of Pittsburgh, Commander Trosky, City of Pittsburgh Zone 2 Police Station and Mayor Luke Ravenstahl ("the Defendants").

The Defendants removed the action to this Court and have filed a Motion to Dismiss. See Docket No. [2].  The Defendants insist that Slomnicki has failed to state a federal constitutional claim against Officer Spangler and that, in the alternative, Officer Spangler is entitled to qualified immunity.  The Defendants further contend that Slomnicki has failed to articulate a viable claim against Commander Trosky, Mayor Ravenstahl and / or the City of Pittsburgh.[1]  Finally, the Defendants seek the dismissal of all claims arising under the Pennsylvania Constitution.

Slomnicki declined to file a response, despite being granted ample time. Initially, he was given until September 8, 2009 in which to respond - a period of approximately one month. See Order of Court dated August 14, 2009.  Slomnicki's repeated requests for extensions were subsequently granted, with the due date being pushed to: September 14, 2009 ; September 21, 2009; September 28, 2009 and October 13, 2009 respectively. See Docket Nos. 8, 11, 13 and 14.  Knowing that

---

[1] The Defendants argue that the City of Pittsburgh Zone 2 Police Station is a redundant and unnecessary party, because only the municipality is amenable to suit. See Johnson v. City of Erie, 834 F. Supp. 873, 878 (W.D. Pa. 1993).  I agree.

Slomnicki had adequate time to respond, and is clearly capable of navigating the legal system despite his *pro se* status,[2] I will proceed to dispose of the pending Motion despite the absence of a Response.

After careful consideration, the Motion to Dismiss is granted. For the reasons set forth below, Slomnicki's claims asserted under the Pennsylvania Constitution are dismissed with prejudice and all other claims are dismissed without prejudice. Slomnicki is entitled to file an Amended Complaint, curing the deficiencies noted herein with respect to those claims dismissed without prejudice.[3]

Standard of Review[4]

When deciding whether to grant or deny a 12(b)(6) motion the Supreme Court has held:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough

---

[2] He did, for instance, manage to file a *pro se* Complaint, a Motion to Remand, several Motions for Extension of Time, a Motion to Appoint Counsel, and a Notice of Appeal.

[3] In Phillips v. County of Allegheny, 515 F.3d 224, 235 (3d Cir. 2008), the Third Circuit court instructed that "if a complaint is vulnerable to a 12(b)(6) dismissal, a district court must permit a curative amendment, unless an amendment would be inequitable or futile."

[4] I note that the Defendants' proffered Standard of Review incorporates the Conley v. Gibson, 355 U.S. 41 (1957) "relief under any set of facts" standard. That standard has been rejected by the Supreme Court and has been replaced, as set forth below.

to raise a right to relief above the speculative level, on the
assumption that all the allegations in the complaint are true (even if
doubtful in fact).

 Bell Atlantic Co. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65,167 L.Ed.2d

929 (2007). (internal citations, footnotes and quotation marks omitted). See also,

Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (a plaintiff's factual

allegations must be enough to raise a right to relief above the speculative level).

Most recently, in Ashcroft v. Iqbal, ___ U.S.___, 129 S.Ct. 1937 (2009), the

Supreme Court held, ". . . a complaint must contain sufficient factual matter,

accepted as true, to state a claim to relief that is plausible on its face. A claim has

facial plausibility when the plaintiff pleads factual content that allows the court to

draw the reasonable inference that the defendant is liable for the misconduct

alleged." Iqbal, 129 S.Ct. at 1949 (citations and internal quotation marks omitted).

In Iqbal, the Court specifically highlighted the two principles which formed

the basis of the Twombly decision: First, for the purposes of a motion to dismiss,

courts must accept as true all factual allegations set forth in the complaint, but

courts are not bound to accept as true any legal conclusions couched as factual

allegations.  Id. at 1949-1950. See also, Fowler v. UPMC Shadyside, ___ F.3d ___, No.

07-4285, 2009 WL 2501662 (3d. Cir. Aug. 18, 2009).  Second, a complaint will only

survive a motion to dismiss if it states a plausible claim for relief, which requires a

court to engage in a context-specific task, drawing on the court's judicial

experience and common sense. Id. at 1950.  Where well-pleaded facts do not

permit the court to infer more than the mere possibility of misconduct, the

4

complaint has alleged – but has not shown – the complainant is entitled to relief.

Id., citing, F.R.Civ.P. 8(a)(2).

Analysis

I. 42 U.S.C. § 1983 Claims Against Officer Spangler

Slomnicki contends that Officer Spangler violated his rights under the 1st,

4th, 5th, 8th and 14th Amendments to the United States Constitution.  Generally, a

claimant is not entitled to relief on a claim arising directly under the federal

Constitution. See Murphy v. Roadway Exp., Inc., Civ. No. 8-3248, 2008 WL 4656904 at

* 2 (E.D. Pa. Oct. 17, 2008) (finding that Plaintiff cannot directly assert

constitutional claims against the defendant).  Dismissal is appropriate where 42

U.S.C. § 1983 provides an adequate, alternative remedial scheme for the alleged

constitutional violations. See Rogin v. Bensalem Twp., 616 F.2d 680, 686-87 (3d Cir.

1980).  "Indeed, § 1983 was designed to afford plaintiffs a cause of action for

constitutional violations on the part of local governmental bodies and other state

officials." Rogin, 616 F.2d at 686.

Here, Slomnicki's assertion of claims directly under the Constitution rather

than pursuant to 42 U.S.C. § 1983 would be a basis for dismissal of those claims.

Yet given his status as a pro se litigant, I will examine the allegations in the

Complaint to determine if they satisfy the pleading requirements of a § 1983

without his having actually referenced the statute.  To establish a claim under 42

U.S.C. § 1983, a claimant must show:

> (1) that the conduct complained of was committed by a person acting
> under color of state law; and

5

(2) that the conduct deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States.

Perry v. Lackawana County Children & Youth Services, Civ. No. 9-2403, 2009 WL 2974881 at * 8 (3d Cir. Sept. 18, 2009), *citing*, Robb v. City of Philadelphia, 733 F.2d 286, 290-91 (3d Cir. 1984).

The sparse facts set forth in the Complaint do, indeed, suggest that Officer Spangler appears to have been acting "under color of state law" during the three incidents in question.  During the first, Officer Spangler was apparently addressing an issue of littering.  During the second and third, he was responding to altercations.  His actions in these moments appear to have taken place in his official capacity as a police officer.  According, for purposes of the pending Motion, the allegations in the Complaint satisfy the first element of a successful § 1983 claim.

Where the Complaint falls woefully short, however, relates to the second element.  As stated above, Slomnicki must identify conduct that deprived him of rights, privileges or immunities secured by the Constitution or laws of the United States.  He must also provide factual detail in support of these allegations that raise the right to relief above the speculative level.  Here, Slomnicki has identified the constitutional rights of which he was deprived as the 1st, 4th, 5th, 8th and 14th Amendments.  Yet the only factual allegations offered in support thereof - being instructed to pick up a piece of litter, asked about witnessing an altercation, and being told to move away from an area following an altercation - do not implicate

6

these rights.  With respect to the First Amendment, there is no mention, for instance, of the abridgment of the right to free speech or free assembly nor would the facts asserted in the Complaint support such a contention.  With respect to the Fourth Amendment, there is no mention that Officer Spangler "seized" anything from Slomnicki. As to the Fifth Amendment, there are no allegations that Slomnicki was forced to incriminate himself or was deprived of property without just compensation.  In terms of the Eighth Amendment, there are no allegations that Slomnicki was ever imprisoned, or subjected to excessive bail, much less cruel or unusual punishment.  Finally the Complaint is devoid of any indication that Slomnicki was deprived of any substantive or procedural due process rights under the Fourteenth Amendment.

Slomnicki's bare bone allegations and citations to the Amendment simply do not give rise to a claim under § 1983 which is plausible on its face.  There simply is not enough factual content which would allow me to draw an inference that Officer Spangler is liable under 42 U.S.C. § 1983 for violations of Slomnicki's 1st, 4th, 5th, 8th and / or 14th Amendment rights.  Consequently, the Motion to Dismiss these claims will be granted.  However, the dismissal is without prejudice to file an Amended Complaint in a timely fashion curing these deficiencies.[5]

II. Claims Against Commander Trosky and Mayor Ravenstahl

Slomnicki names both Commander Trosky and Mayor Ravenstahl as

---

[5] Because I am dismissing these claims I need not address the defense of qualified immunity.

Defendants in the Complaint, but does not include any substantive allegations against either Defendant.  It is well established in the Third Circuit court that "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat superior*." Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988), *citing*, Paratt v. Taylor, 451 U.S. 527, 537 n. 3, 101 S. Ct. 1908, 1913 n. 3 91981) and Hampton v. Holemsburg Prison Officials, 546 F.2d 1077, 1082 (3d Cir. 1976).  "Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence.  Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity." Rode, 845 F.2d at 1207, *citing*, Boykins v. Ambridge Area School District, 621 F.2d 75, 80 (3d Cir. 1980).

Because the Complaint does not contain any allegations of personal involvement on the part of either Commander Trosky or Mayor Ravenstahl, the Motion to Dismiss all claims against them is granted.  Again, however, the dismissal is without prejudice to file an Amended Complaint curing the deficiencies noted herein.

III. Claims Against the City of Pittsburgh

Slomnicki names the City of Pittsburgh as a Defendant.  Paragraphs 6 and 7 of the Complaint contain the only references in the Complaint to the City.  In each paragraph, Slomnicki refers to Officer Spangler's actions as occurring "under color of law and under the direct supervision of the City of Pittsburgh... ." See

Complaint, ¶¶ 6-7.  Thus the Complaint, as it currently reads, seeks to hold the City of Pittsburgh liable based solely upon Officer Spangler's actions.  Yet a local governing body "may not be sued under a *respondeat superior* theory of liability." Marran v. Marran, 376 F.3d 143, 156 (3d Cir. 2004).  "[A] *prima face* case against [the City] must involve an allegation of a policy or custom that directed or caused the constitutional deprivation." Marran, 376 F.3d at 156 (stating that, "[l]ocal governments are not liable 'unless action pursuant to official policy of some nature caused a constitutional tort'" or "where ... the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers.") Here, Slomnicki has not alleged that the City had a custom, practice or policy which directed or caused the constitutional deprivations at issue.  Nor does the Complaint include any factual allegations in support thereof which would raise Slomnicki's right to relief above the speculative level.

Consequently, the Motion to Dismiss is granted as to the claims asserted against the City of Pittsburgh.  The claims are dismissed without prejudice to file an Amended Complaint.

IV. Claims Asserted Under the Pennsylvania Constitution

Slomnicki also asserts claims under the Pennsylvania Constitution. In his "request for relief," set forth in connection with these claims, Slomnicki seeks punitive and compensatory damages. See Complaint, ¶ 3.  However, monetary damages are not available for a violation of the Pennsylvania Constitution. See

Doe v. North Allegheny School District, Civ. No. 8-1383, 2009 WL 3166434 at * 5 (W.D. Pa. Sept. 28, 2009), citing, R.H.S. v. Allegheny County Dept. Of Health and Human Services Office of Mental Health, 936 A.2d 1218, 1226 (Pa. Commw. 2007). See also Harris v. Paige, Civ. No. 8-2126, 2009 WL 303216 at * 4 (E.D. Pa. Sept. 22, 2009). Consequently, I agree with the Defendants that Slomnicki's claims asserted under the Pennsylvania Constitution are not viable.  I further conclude that amending such claims, short of abandoning the demand for monetary relief, would be futile.  As such, the dismissal is with prejudice.

## ORDER OF COURT

AND NOW, this 5th day of November, 2009, after careful consideration, and for the reasons set forth in the accompanying Opinion, the Motion to Dismiss (Docket No. [2]) is granted.  Plaintiff's claims asserted under the Pennsylvania Constitution are hereby dismissed with prejudice.  All of Plaintiff's other claims are dismissed without prejudice to file an Amended Complaint no later than 20 days from the date of this Order.  Any Amended Complaint shall cure the deficiencies noted herein.

BY THE COURT:

/S/ DONETTA W. AMBROSE
DONETTA W. AMBROSE
U.S. DISTRICT JUDGE